IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERNON L. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1824 |
| | ) | |
| v. | ) | Judge Cathy Bissoon/ |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| MATRIX PROPERTY MANAGEMENT COMPANY, | ) ) | |
| | ) | Re: ECF No. 34 |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendant Matrix Property Management Company. ECF No. 34. For the reasons that follow, it is respectfully recommended that the Motion to Dismiss be granted.

## II. REPORT

### A. PROCEDURAL HISTORY

Acting *pro se*, Plaintiff Vernon Brown filed a Complaint on December 8, 2016. ECF No. 3. Therein, he alleges that he had been illegally evicted from his residence because his "kind" was not wanted. Id. at 1. He seeks relief in the form of a change in "the law," a "Fair PA" in addition to money damages.[1] Id. at 3.

---

[1] Plaintiff's Complaint is two pages in substance but attached thereto are approximately 300 pages of exhibits which vary widely in relevancy, from correspondence with the U.S. Department of Housing and Urban Development on a claim by Plaintiff of housing discrimination, ECF No. 3-3 at 1-2, to quotations from a movie. ECF No. 3-14 at 18-20.

Defendant filed the instant Motion to Dismiss on June 30, 2017. ECF No. 34. Plaintiff filed a Response to the Motion to Dismiss on July 7, 2017. ECF No. 42. The Motion to Dismiss is now ripe for consideration.[2]

**B.     STANDARD OF REVIEW**

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)). The scope of review may extend to "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance.").

---

[2] From the time of the filing of the Complaint until the date of this Report and Recommendation, Plaintiff has filed multiple motions which, in large part, seek unavailable relief and are based on misapprehensions of the law. ECF Nos. 8, 9, 10, 14, 16, 18, 20, 25, 32, 33, 39, 40 and 41. None of these motions has been found to have merit.

C.    **DISCUSSION**

Defendant raises multiple bases for relief in its Motion to Dismiss. The first, lack of jurisdiction, is dispositive.

Defendant argues that Plaintiff's Complaint contains an insufficient statement of the grounds for this Court's jurisdiction, as required by Federal Rule of Civil Procedure 8(a)(1). ECF No. 34 at 1-3. In the Complaint, under the heading "**Jurisdiction**," Plaintiff states:

> I am filing in this court room due to its being the closest Federal Court Branch, but I am asking for a change of venue due to biased opinions, and a conflict of interest in regards to the respondent.

ECF No. 3 at 1.

This statement falls short of pleading a basis for this Court's jurisdiction over this case, which, as the party asserting jurisdiction, is Plaintiff's burden. Craven v. Leach, 647 F. App'x 72, 75 (3d Cir. 2016). As the United States Court of Appeals for the Third Circuit has explained:

> Jurisdiction in the federal courts is limited, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994), and exists in only two circumstances: when a complaint asserts a cause of action under some provision of federal law, see 28 U.S.C. § 1331, or when the parties are of diverse citizenship and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of costs and interest, see 28 U.S.C. § 1332.

Abulkhair v. Liberty Mut. Ins. Co., 441 F. App'x 927, 930 (3d Cir. 2011).

As to the first basis for federal jurisdiction, under 28 U.S.C. § 1331, Plaintiff does not allege that some provision of federal law has been violated. As to the second basis for federal jurisdiction, under 28 U.S.C. § 1332, the parties are not of diverse citizenship as both are citizens of Pennsylvania. As such, this case is not properly before this Court.

In response to the Motion to Dismiss, Plaintiff does not present any cognizable argument as to this Court's jurisdiction or otherwise. Instead, Plaintiff seeks a medical examination under

Federal Rule of Civil Procedure 35. ECF No. 42 at 1. Even a generous reading of Plaintiff's pleadings fails to reveal any basis on which to permit this action to continue in this Court.

Accordingly, it is recommended that Defendant's Motion to Dismiss be granted. Further, Plaintiff's multiple meritless pleadings and failure to present any responsive legal argument to the Motion to Dismiss indicate to the Court that amendment of the Complaint may be futile. Nonetheless, the Motion to Dismiss should be granted without prejudice to Plaintiff's ability to file an Amended Complaint to the extent that Plaintiff can establish jurisdiction and allege violation of an applicable provision of federal law.

### D. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's Motion to Dismiss, ECF No. 34, be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: August 7, 2017

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Cathy Bissoon
United States District Judge

All counsel of record via CM/ECF