# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERNON L. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1824 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| MATRIX PROPERTY MANAGEMENT COMPANY, | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

This case has been referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636 and Local Rule of Civil Procedure 72.

On January 3, 2018, the Magistrate Judge issued a Report (Doc. 57) recommending that Defendant's Motion to Dismiss (Doc. 53) be granted and Plaintiff's Second Amended Complaint be dismissed with prejudice due to lack of subject matter jurisdiction. Plaintiff has not filed objections to the Report. For the reasons that follow, the Court will reject the recommendation and will dismiss the Second Amended Complaint without prejudice to Plaintiff filing a third amended complaint. The Court cautions Plaintiff that **this is the final opportunity to amend the Complaint**. **If Plaintiff does not file a Third Amended Complaint by February 28, 2018, or if the Third Amended Complaint remains deficient, the Court will dismiss this action with prejudice.**

**BACKGROUND**

The Court will summarize only the facts and procedural history material to the instant Motion to Dismiss.

Plaintiff Vernon Brown, proceeding *in forma pauperis* ("IFP") and *pro se*, alleges that Defendant Matrix Property Management Company ("Matrix Property") discriminated against him in various ways, including by denying him access to housing due to his sex, that is, due to "not adhering to traditional male and female roles." (See Second Amended Complaint, ¶ II.B.C., Doc. 51.) Matrix Property filed its first Motion to Dismiss on June 30, 2017. (Motion to Dismiss, hereafter "First MTD," Doc. 34.) The First MTD argued, in relevant part, that Plaintiff had failed to state an adequate basis for the Court's jurisdiction in his Complaint, (Doc. 3).[1] The Magistrate Judge prepared a Report (Doc. 43) recommending dismissal without prejudice, which was adopted as the opinion of the Court. (Memorandum Order, Sept. 6, 2017, Doc. 45.) The Court stated that its dismissal was "without prejudice to Plaintiff filing an Amended Complaint that establishes jurisdiction by alleging a violation of an applicable provision of federal law." (Id.)

Plaintiff timely filed an Amended Complaint on September 12, 2017 (Doc. 46). Without leave to do so, Plaintiff also filed a Second Amended Complaint on November 21, 2017 (Doc. 51) before Matrix Property had answered or otherwise responded to the Amended Complaint.[2]

---

[1] A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Concerning jurisdiction, the initial Complaint stated only that "I am filing in this court room due to it being the closest Federal Court Branch." (Complaint, p. 1).

[2] The Court will treat the Second Amended Complaint as the operative complaint. The Court notes that the Amended Complaint, which contains detailed allegations of housing discrimination, bears little resemblance to the Second Amended Complaint, which focuses on alleged interference with medical records and mentions alleged housing discrimination briefly.

Matrix Property moved to dismiss the Second Amended Complaint on two grounds: (1) Plaintiff's failure to provide a sufficient basis for jurisdiction and (2) Plaintiff's failure to state a claim on which relief can be granted. (Motion to Dismiss, hereafter "Second MTD," Doc. 53.) The Magistrate Judge issued a Report recommending dismissal with prejudice on jurisdictional grounds (Doc. 57). No objections to the Report were filed. Defendant's Motion is ripe for adjudication.

**LEGAL STANDARD**

*1. Federal Rule of Civil Procedure 8(a)(1)*

Under Federal Rule of Civil Procedure 8(a)(1), a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Without such a statement, the Court may dismiss a complaint. Jackson v. Sec'y Pa. Dep't of Corr., 438 Fed. App'x 74, 75 (3d Cir. 2011). For *pro se* pleadings, however, the Court must apply a lenient standard in construing a statement of jurisdiction. Coleman v. Camacho, 2012 WL 5986455, at *2 (D.N.J. Nov. 27, 2012) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)); see Erickson v. Pardus, 551 U.S. 89, 94 (2007); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Thus, if a *pro se* complaint alleges facts sufficient to vest a court with jurisdiction, the Court may retain jurisdiction. Coleman, 2012 WL 5986455, at *2. Similarly, "[i]f a party seeking to invoke federal jurisdiction asserts a substantial claim under a federal statute, then this jurisdictional

---

However, "prejudice to the non-moving party is the touchstone for the denial of an amendment." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (internal citations omitted). As Defendant has responded to the Second Amended Complaint and has not objected to its filing, the Court finds that Defendant would be prejudiced by failing to treat the Second Amended Complaint as the operative complaint. Cf. Small v. Camden County, 2008 WL 3154727, at *2 (D.N.J. Aug. 1, 2008) (the court should treat the second amended complaint as operative where Defendants responded to a second amended complaint filed without leave of court and did not object to its filing). Consequently, the Court will allow Plaintiff's Second Amended Complaint.

prerequisite is satisfied." Chasis v. Progress Mfg. Co., 382 F.2d 773, 776 (3d Cir. 1967); see Smith v. Spina, 477 F.2d 1140, 1143 (3d Cir. 1973) ("the jurisdiction of the federal court must appear in the plaintiff's statement of his claim"). A complaint's citation of extraneous or inapplicable law cannot deprive a court of jurisdiction. Beeler v. U.S., 338 F.2d 687, 689 (3d Cir. 1964) ("the recitation of a statute can neither deprive a court of jurisdiction nor confer jurisdiction upon it").

*2. Federal Rule of Civil Procedure 12(b)(6)*

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To test the sufficiency of a complaint under this standard, the court must accept as true all well-pled factual allegations in the complaint and view them in a light most favorable to Plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). If these facts permit the Court to infer a plausibly valid claim for relief under the relevant substantive law, then the complaint survives a motion to dismiss under Rule 12(b)(6). See Fowler v. UPMC Shadyside, 578 F.3d 203, 211-212 (3d Cir. 2009). However, if the facts alleged in the complaint fail to "raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" under the substantive law, then the complaint should be dismissed. See id. at 213 (citation omitted).

**ANALYSIS**

*1. Plaintiff has satisfied the requirements of Rule 8(a)(1)*

In the Second MTD, Defendant concedes that Plaintiff's Second Amended Complaint cites relevant federal law as a basis for jurisdiction, including Title VIII of the Civil Rights Act of 1968. (Second MTD, p. 2.) However, Defendant argues that the context for Plaintiff's

4

jurisdictional citation renders it "gibberish" to the point that there is "no recognizable statement of jurisdiction" that could satisfy Federal Rule of Civil Procedure 8(a)(1). (Id.) Defendant also takes 42 U.S.C. § 1983 as the asserted rationale for jurisdiction,[3] (id. at 1-2), which the Report analyzed as the sole asserted basis for jurisdiction, (Report, pp. 3-4).

Contrary to Defendant's argument, the Court finds that Plaintiff has stated an adequate jurisdictional basis in his Second Amended Complaint. Applying the standard of leniency that this Court must concerning *pro se* litigants, Plaintiff's citation of Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act) as a jurisdictional basis for his asserted housing discrimination claim, coupled with his factual allegations supporting this claim, is more than sufficient for this Court's exercise of jurisdiction.[4] Accordingly, the Court has subject matter jurisdiction over Plaintiff's federal law claim. 28 U.S.C. § 1331 ("district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

---

[3] Plaintiff's Second Amended Complaint is handwritten on form "Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)." Under the heading "Basis for Jurisdiction," this form addresses claims under 42 U.S.C. § 1983 against state officials as well as Bivens claims against federal officials. However, beyond Plaintiff's apparently mistaken use of this form, there are few indications that Plaintiff genuinely intends to bring a claim against state or federal officials in this complaint, and no such claims are mentioned in the "Statement of Claim" section.

[4] Specifically, Plaintiff asserts a claim under the Fair Housing Act, 42 U.S.C. §§ 3601-3631. See 42 U.S.C. § 3613(a)(1)(A) ("An aggrieved person [under the Fair Housing Act] may commence a civil action in an appropriate United States district court . . . ."). Plaintiff's Second Amended Complaint cites the Fair Housing Act several times and he claims injuries arising from a time when he "was locked from [his] things" as a result of his sex. (Second Amended Complaint, ¶¶ II.B (citing Fair Housing Act), II.C ("it is illegal to block and forge fraudulent medical records and [coerce] a housing block along with a block on employment based on what [is] in the forged medical documents[, which] would be the label 'transgender', when my protected class is sex; not [adhering] to traditional male and female roles"), III.B ("I was locked from my things on 7/13/2015 until the time I got back my things with a threat in court from Mr. Haak on 4/4/2016"), IV (describing interference with housing), V (citing the Fair Housing Act).)

*2. Defendant's 12(b)(6) Motion to Dismiss must be granted*

Turning to the Defendant's second ground for dismissal, the Court finds that Plaintiff has failed to state a claim on which relief can be granted and that his complaint must be dismissed.

As a preliminary matter, the Court will address only claims for relief that are brought against Matrix Property, the one Defendant in this lawsuit.[5] Paring away the superfluities, Plaintiff's only claim asserted against Defendant concerns housing discrimination on the basis of sex.

The Fair Housing Act makes it unlawful to refuse to rent, or to otherwise make unavailable or deny, a dwelling to a person because of sex. 42 U.S.C. § 3604(a). The Act also makes it unlawful to discriminate on the basis of sex against any person in the terms, conditions, or privileges associated with the rental of a dwelling. Id. at § 3604(b). Further, the Act prohibits coercion, intimidation, threats, or interference with any person's exercise of the rights above. Id. at § 3617. To sufficiently allege a violation, Plaintiff must state facts that would allow the Court to infer that Defendant did one of the unlawful acts listed in Sections 3604 or 3617. Cf. Alexander v. Riga, 208 F.3d 419, 427 (3d Cir. 2000); Braun v. Bolton, 2013 WL 1869031, at *2-*3 (D. Del. May 3, 2013).

Plaintiff's factual allegations relevant to a claim of housing discrimination, conveyed in a light most favorable to Plaintiff, are as follows: Plaintiff claims he "was locked from my things

---

[5] While Plaintiff captioned his Second Amended Complaint as an action against Defendant alone, the complaint also appears to allege separate instances of wrongdoing by the Allegheny County Health Network Health Clinic, Carlow University, Bistro to Go, McDonald's, and the City Section 8 & Allegheny Link Housing Program. It is not clear what relief Plaintiff seeks against these entities, and Plaintiff has not made any showing that would permit the Court to consider relief against non-parties to this lawsuit. See Pew v. Boggio, 2016 WL 704955, at *1 (M.D. Pa. Feb. 23, 2016) (adopting recommendation at 2015 WL 10353631).

on 7/13/2015 until the time I got back my things with a threat in court from Mr. Haak[6] on 4/4/2016." (Second Amended Complaint, ¶ III.B.) His asserted basis for discrimination against him is "sex; not adhering to traditional male and female roles." (Id. at ¶ II.C.) Plaintiff also claims that his medical records were manipulated, with Mr. Haak's involvement, to falsely label Plaintiff as transgender. (Id. at ¶¶ III.C, IV.) This, in turn, interfered with Plaintiff's medical care, housing, employment and education. (Id. at ¶ IV.) Plaintiff avers that this act was committed in retaliation for his exercise of rights, and claims that he is now blacklisted "from government agencies." (Id.)

As correctly stated in Defendant's Motion to Dismiss, Plaintiff's factual allegations fail to reference Matrix Property, although they do reference Mr. Haak, counsel for Matrix Property. (Second MTD, p. 4). Moreover, Plaintiff fails to explain precisely what occurred to him, where he resided (where he "was locked from"), whether he was a tenant or resident at a property owned or managed by Defendant at the relevant time, or the grounds for his assertion that his sex was the basis for any adverse action against him. Collectively, Plaintiff's allegations fall far below the standard of raising a reasonable expectation that discovery would allow Plaintiff to establish the elements of a claim under the Fair Housing Act.[7] Accordingly, Plaintiff's Second Amended Complaint will be dismissed.

\* \* \*

---

[6] Mr. Haak is counsel for Defendant in this case.

[7] Many of these elements are contained in Plaintiff's Amended Complaint (Doc. 46), which is no longer the operative complaint and which the Court cannot consider for purposes of evaluating Defendant's Motion to Dismiss. West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013) (an "amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading" (internal citations and quotation marks omitted)). However, the Court must consider the Amended Complaint in determining whether an opportunity to amend would be futile or inequitable. See Rhett v. Disman, 228 Fed. App'x 225, 227 (3d Cir. 2007).

Mindful of the Court's obligation to provide a *pro se* plaintiff with an additional opportunity "to amend their complaint unless doing so would be inequitable or futile," Rhett v. Disman, 228 Fed. App'x 225, 227 (3d Cir. 2007) (quoting Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002)), the Court will allow Plaintiff a final opportunity to amend and refile his complaint. However, this will be the last such opportunity. Plaintiff shall have until February 28, 2018 to file a Third Amended Complaint. If Plaintiff fails to file a Third Amended Complaint or if that complaint remains deficient, the Court will dismiss this action with prejudice.

For the reasons above, Defendant's Motion to Dismiss (Doc. 53) is GRANTED. Plaintiff's Second Amended Complaint (Doc. 51) is hereby DISMISSED without prejudice to Plaintiff filing a Third Amended Complaint.

IT IS SO ORDERED.

February 14, 2018                                s/Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge

cc (via First-Class U.S. mail):

**VERNON L. BROWN**
P.O. Box 6814
Pittsburgh, PA 15212