IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VERNON L. BROWN,                          )
                                          )
            Plaintiff,                    )        Civil Action No. 16-1824
                                          )
            v.                            )        Judge Cathy Bissoon/
                                          )        Chief Magistrate Judge Maureen P. Kelly
MATRIX PROPERTY MANAGEMENT                )
COMPANY,                                  )
                                          )
            Defendant.                    )

## REPORT AND RECOMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the Third Amended Complaint filed in the above-captioned case, ECF No. 63, be dismissed for failure to prosecute.

### II.    REPORT

Plaintiff Vernon L. Brown, proceeding *pro se,* commenced the instant action in December 2016, seeking redress for an allegedly illegal eviction from his residence. ECF No. 3. On February 28, 2018, Plaintiff filed the operative Third Amended Complaint, a fair reading of which reveals that he is raising a claim of housing discrimination on the basis of his sex in violation of the Fair Housing Act. ECF No. 63. On June 27, 2018, Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint was denied. ECF No. 72.

On June 27, 2018, the Order denying the Motion to Dismiss was mailed to Plaintiff at two addresses: (1) P.O. Box 6814, Pittsburgh, PA 15212 (an address Plaintiff provided to the Court on November 20, 2017, ECF No. 50); and (2) 411 Delaware Avenue Unit 1B, Rochester,

PA 15074 (an address Plaintiff included in his most recent filing, ECF No. 71 at 5).  The Order mailed to P.O. Box 6814 was returned as not deliverable.  ECF No. 76.

On June 28, 2018, this Court issued an Order Scheduling Initial Case Management Conference.  ECF No. 73.  This Order was mailed to Plaintiff at both addresses.  The Order mailed to 411 Delaware Avenue was returned as "Moved Left No Address."  ECF No. 74.  The Order mailed to P.O. Box 6814 was returned as not deliverable.  ECF No. 77.

On July 8, 2018, this Court issued an Order denying Plaintiff's Motion of Faith.  ECF No. 75.  The copy of that Order mailed to Plaintiff at 411 Delaware Avenue was returned as "moved left no address unable to forward."  ECF No. 76.

On July 25, 2018, this Court conducted an Initial Case Management Conference as scheduled.  ECF No. 78.  Plaintiff failed to appear at the conference.  Id.  Thereafter, this Court entered an Order to Show Cause on or before August 8, 2018, why Plaintiff failed to appear at the Initial Case Management Conference.  ECF No. 79.  Plaintiff did not respond to the Order to Show Cause.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the court must consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1)     The extent of the party's personal responsibility.

(2)     The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3)     A history of dilatoriness.

(4)     Whether the conduct of the party or the attorney was willful or in bad faith.

> (5)   The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6)   The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's conduct, which weighs heavily against him. Plaintiff's failure to keep this Court apprised of a current mailing address, to attend a scheduled court conference and to respond to the Court's Order to Show Cause, which were solely his personal responsibility, appears willful and constitutes a history of dilatoriness.

With respect to the Factor 2 - the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's order - Defendant has suffered delay in having the claims brought against it resolved.  Defendant's counsel did appear at the Initial Case Management Conference.

Factor 6 - the meritoriousness of the claim - will be weighed neither in favor nor against Plaintiff at this stage of the case.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider, Factor 5, is the effectiveness of sanctions other than dismissal.  Plaintiff's failure to communicate with the Court and to comply with the Court's orders, which have prevented this case from proceeding, indicates that Plaintiff has no serious interest in pursuing this case.  It therefore appears that dismissal is the most appropriate action for the Court to take.  Mindek v. Rigatti, 964 F.2d at 1373.  Accordingly, it is respectfully recommended that the Third Amended Complaint filed in the above-captioned case, ECF No. 63, be dismissed for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72.D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will

constitute a waiver of any appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.


Respectfully submitted,


/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE


Dated:  August 14, 2018


cc:    The Honorable Cathy Bissoon
       United States District Judge

       Vernon L. Brown
       411 Delaware Avenue
       Unit 1B
       Rochester, PA 15074

       Vernon L. Brown
       P.O. Box 6814
       Pittsburgh, PA 15212